UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOSE MARCIAL REYES-FUENTES, et al.,

**Plaintiffs,**

v.                6:08-cv-59

SHANNON PRODUCE FARM, INC., SHANNON VINEYARDS, INC., JAMES G. SHANNON, JR., JAMES G. SHANNON, SR., CYNTHIA SHANNON, and RICARDO GASPAR,

**Defendants,**

v.

GLENDA GASPAR,

**Third-Party Defendant.**

# ORDER

## I. INTRODUCTION

On March 8, 2012, Glenda Gaspar filed a motion to dismiss. *See* Doc. 64. After disposing of several of her arguments, the Court requested supplemental briefing on two remaining issues. *See* Doc. 70. The parties have submitted their briefs. *See* Docs. 71; 72. Now again before the Court is Glenda Gaspar's motion to dismiss. *See* Doc. 64.

## II. BACKGROUND

On July 17, 2008, Plaintiffs filed a complaint against Defendants Shannon Produce Farm, Inc., James G. Shannon Jr., Ricardo Gaspar, James G. Shannon, Sr., and Cynthia Shannon, alleging violations of the anti-retaliation provision of the Fair Labor Standards Act ("FLSA"). *See* Doc. 1. Plaintiffs later added Shannon Vineyards, Inc. as a defendant. *See* Doc. 46.

On February 2, 2011, the parties jointly moved for entry of their consent agreement and for a FLSA fairness determination. *See* Doc. 55. This Court approved the agreement, entered judgment on March 8, 2011 in favor of Plaintiffs in the sum of $358,977.20, and stated that the Court would "retain jurisdiction for the sole purpose of enforcing this Consent Order, all terms and conditions of which are adopted by the Court and hereby made the Order of this Court." *See* Doc. 57 at 8. The Clerk's Office issued a writ of execution on January 9, 2012. *See* Doc. 58.

On February 7, 2012, Plaintiffs filed a post-judgment complaint to void an allegedly fraudulent transfer from Defendant Ricardo Gaspar to his wife, Glenda Gaspar. *See* Doc. 59. Plaintiffs obtained an entry of default against Ricardo Gaspar. *See* Docs. 67; 69. Glenda Gaspar filed a motion to dismiss. *See* Doc. 64.

## III. ANALYSIS

This Court ordered the parties to brief two issues: (1) whether the Consent Order's December 31, 2011 language limits this Court's subject matter jurisdiction; and (2) whether Plaintiffs' post-judgment complaint in the same action is the appropriate procedural mechanism pursuant to Rule 69 and Georgia law. *See* Doc. 70 at 6.

### A. Subject Matter Jurisdiction

This Court has already determined that, in the absence of potentially limiting

jurisdictional language in the consent order, it has subject matter jurisdiction over a post-judgment claim against a third party to avoid a fraudulent transfer. *See* Doc. 70 at 4. Therefore, the only remaining issue as to subject matter jurisdiction is whether the December 31, 2011 language precludes the Court's exercise of jurisdiction.

Plaintiffs argue that this Court has ancillary enforcement jurisdiction because they are seeking to enforce the monetary judgment, not a term of the consent order. *See* Doc. 71 at 2. Moreover, they contend the Court could not premise the exercise of jurisdiction against Glenda Gaspar on the Court's retention of jurisdiction in the consent order because she was not a party to the consent judgment. *See id.* Alternatively, Plaintiffs argue that even if they were enforcing a term of the consent judgment, expiration of the jurisdictional term would not make the order unenforceable. *See id.* at 4.

Glenda Gaspar counters that the Court retained jurisdiction over the consent judgment only through December 31, 2011, and the Court now cannot enforce the payment terms of the consent judgment. *See* Doc. 72 at 2.

The Court will first address Plaintiffs' alternative argument. In *Roberts v. St. Regis Paper Co.*, the old Fifth Circuit[1] concluded that the five-year limitation on jurisdiction in the consent decree did not broadly apply to all of the terms of the decree and did not conflict with the enforcement of a *permanent* injunction embodied in the decree. *See* 653 F.2d 166, 172 (5th Cir. Aug. 1981). Likewise, in *United States v. District Council of New York City*, the court concluded that a durational provision in one paragraph of a consent decree clearly applied to specific provisions with limited application and did not cause other provisions to expire. *See* 2007 WL 2265584, at *8 (S.D.N.Y. Aug. 6, 2007); *see also Consumer Advisory Board v. Glover*, 989 F.2d 65, 66-68 (1st Cir. 1993) (concluding that ambiguous judicial order did not terminate an earlier consent order, which *had no express termination date*) (emphasis added).

These cases, however, do not stand for the broad implication that jurisdictional clauses in consent orders or decrees do not *ever* affect the Court's jurisdiction; instead, these cases hold that jurisdictional clauses may not necessarily restrain all of the terms of the parties' agreement. Plaintiffs make no effort to apply these cases to the particular terms of the underlying consent judgment.

Many of the other cases cited by Plaintiffs are not directly relevant to whether the jurisdictional language in the consent judgment limits this Court's subject matter jurisdiction. *See Gambone v. Lite Rock Drywall*, 288 F. App'x 9 (3d Cir. 2008); *U.S.I. Props. Corp. v. M.D. Constr. Co.*, 230 F.3d 489 (1st Cir. 2000); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 2008 WL 4166172 (S.D. Tex. Aug. 29, 2008).[2] The Court has already agreed

---

[1] All decisions of the former Fifth Circuit handed down before October 1, 1981 are binding precedent. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] Plaintiffs also cite *Cygnus Telecomms. Tech. v. Totalaxcess.com, Inc. See* 345 F.3d 1372 (Fed. Cir. 2003); Doc. 71 at 3. Yet, the Federal Circuit

that this Court would generally have ancillary enforcement jurisdiction over a fraudulent transfer claim raised post-judgment. *See* Doc. 70 at 4.

"A consent judgment has the same force and effect as any other judgment until set aside in the manner provided by law." *United States v. Kellum*, 523 F.2d 1284, 1287 (5th Cir. 1975); *see also United States v. City of Miami, Fla.*, 664 F.2d 435, 439 (5th Cir. 1981) ("A consent decree, although founded on the agreement of the parties, is a judgment."). "A consent judgment making an award of money is a money judgment." *Team Logistics, Inc. v. OrderPro Logistics, Inc.*, 2008 WL 974410, at *6 (D. Kan. Apr. 8, 2008); *see also Combs v. Ryan's Coal Co.*, 785 F.2d 970, 980 (11th Cir. 1986). *But see Usery v. Fisher*, 565 F.2d 137, 139 (10th Cir. 1977) (concluding that consent judgment was equitable in nature, not a money judgment).[3]

Consent judgments or orders often require parties to undertake subsequent, affirmative actions, requiring the Court's continued supervision. "Once approved, the prospective provisions of the consent decree operate as an injunction." *See Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983).

"The injunctive qualities of consent decrees compels the court to . . . retain jurisdiction over the decree during the terms of its existence . . . ." *See id.* The federal court may lose jurisdiction over enforcement of a consent decree's terms once the decree expires. *See EEOC v. Local 40, Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers*, 76 F.3d 76, 80 (2d Cir. 1996) (concluding that the court could not hold a party in contempt for violating injunctive provisions of an expired consent decree).

Here, however, Plaintiffs are seeking to collect on the monetary judgment agreed to and entered by the Court on March 8, 2011. *See* Doc. 57 at 1 (stating that the Court "directs the Clerk to enter judgment against Defendants and in favor of Plaintiffs in the sum of $358,977.20"); 46 AM. JUR. 2D JUDGMENTS § 1 (2012) ("The act of the court or judge, in pronouncing judgment, accompanied by the making of the notation on the trial docket, constitutes the rendition of the judgment or decree.").

The Court is not persuaded that the consent judgment's jurisdiction language applies to or limits this Court's inherent power to protect the monetary judgment entered by the Court on March 8, 2011. *Cf. Peacock v. Thomas*, 516 U.S. 349, 356 (1996) ("Without jurisdiction to enforce a judgment entered by a federal court, the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." (quotation omitted)); *Riggs v. Johnson Cnty.*, 73 U.S. 166, 187 (1867) ("[T]he jurisdiction of a court is not exhausted by the rendition of the judgment, but continues until that judgment shall be satisfied.").

---

arguably erred in concluding that the court's ancillary jurisdiction extended to a post-judgment complaint attempting to hold a new, successor party *liable* for the judgment. *See* 345 F.3d at 1374. "[W]here that postjudgment proceeding presents a new substantive theory to establish *liability* directly on the part of a new party, some independent ground is necessary to assume federal jurisdiction over the claim." *U.S.I. Props. Corp.*, 230 F.3d at 498.

[3] Georgia law likewise provides that consent judgments providing for a certain sum of money are equivalent to money judgments. *See Hill v. Paluzzi*, 261 Ga. App. 123, 126 (2003).

3

This Court has already issued a writ of execution. *See* Doc. 58. In the absence of illuminating case law and in light of the Court's inherent power to protect and enforce its own judgments,[4] the Court concludes that it has subject matter jurisdiction over Plaintiffs' complaint. Glenda Gaspar's motion to dismiss for lack of subject matter jurisdiction is *DENIED*.

### B. Rule 69

Despite the Court's conclusion that it has subject matter jurisdiction over Plaintiffs' fraudulent transfer complaint, the Court continues to have concerns over the procedural propriety of a post-judgment complaint in the same action.

Plaintiffs filed this complaint as "a supplementary action in aid of execution of judgment." *See* Doc. 59 at 2. Accordingly, Plaintiffs assert that this action is "made pursuant to Fed. R. Civ. P. 69." *See* Doc. 68 at 1, 3-5. Rule 69 applies only to money judgments. *See* 12 CHARLES ALAN WRIGHT ET AL., FED. PRAC. & PROC. CIV. § 3011 (2d ed. 2012).

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

FED. R. CIV. P. 69(a)(1).

Rule 69 "creates a procedural mechanism for exercising postjudgment enforcement when ancillary jurisdiction exists, but cannot extend the scope of that jurisdiction." 11 KARL OAKES, FED. PROC., L. ED. § 31:54 (2012). "The [C]ourt will look to the state statutes and to state-court decisions construing them. The statutes to be consulted are those that deal specifically with enforcement of judgments rather than general state procedural provisions." 12 WRIGHT, ET AL., FED. PRAC. & PROC. CIV. § 3012. Accordingly, Georgia law applies.

Plaintiffs argue that *C-Staff, Inc. v. Liberty Mut. Ins. Co.* is inapplicable. *See* Doc. 71 at 5; 275 Ga. 624 (2002). They make the following arguments. First, the *C-Staff* court did not decide whether a supplementary proceeding could be brought within an existing action. *See* Doc. 71 at 5. Second, the court was interpreting O.C.G.A. § 9-11-69, but Plaintiffs are proceeding under O.C.G.A. § 18-2-77. *See id* at 5-6. Moreover, Plaintiffs are proceeding pursuant to a new, properly served complaint, not impleader. *See id.* at 6.

This Court has already noted that *C-Staff* is distinguishable from the present facts. *See* Doc. 70 at 5. Yet, the case is notable given the dearth of Georgia case law on supplementary proceedings, particularly on how they relate to fraudulent transfer claims.

> To enforce a judgment against persons who are not parties to a judgment, a judgment-creditor in Georgia must initiate a civil action

---

[4] Although raised in this Court's prior Order, *see* Doc. 70 at 3, neither party addresses whether the general language concluding the Consent Order conflicts with the December 31, 2011 language. *See* Doc. 57 at 8 (stating that "this Court will retain jurisdiction for the sole purpose of enforcing this Consent Order").

against those it *seeks to hold responsible for satisfying the debt* by following the procedures set forth in the Civil Practice Act, which requires a complaint to be filed and the defendants to be served with process.

*C-Staff, Inc.*, 275 Ga. at 626. Yet, this Court would not have ancillary jurisdiction in such a factual scenario. Ancillary enforcement jurisdiction may not extend "beyond attempts to execute, or to guarantee eventual executability of, a federal judgment." *Peacock*, 516 U.S. at 357. The Court may not exercise ancillary jurisdiction over attempts to impose personal liability for an existing judgment on a new party. *See id.* at 357-58. But that is not the factual scenario here.

Plaintiffs contend that the pertinent issue is whether Georgia courts would permit a post-judgment supplemental proceeding under O.C.G.A. § 18-2-77. *See* Doc. 68 at 6-7. They contend that O.C.G.A. § 18-2-77(a) does not state that the action must be a new one and provides that it may be brought "[i]n an action for relief against a transfer." *See id.* Moreover, Plaintiffs point out that contempt actions in Georgia are ancillary proceedings. *See Brown v. King*, 266 Ga. 890, 890 (1996). Likewise, Plaintiffs argue that Georgia law allows related proceedings, such as attachment, to be joined and equitable relief obtained "at any time." *See* O.C.G.A. §§ 18-3-4, 23-3-2 to -3.[5]

Finally, Plaintiffs argue that because Georgia's fraudulent transfer statute is a model statute adopted by other states, other court decisions are persuasive. *See* Doc. 71 at 7. For instance, Plaintiffs contend that Illinois's statute is similar to Georgia's and that Illinois permits fraudulent transfer actions in post-judgment supplemental proceedings. *See id.* at 7-8; *Brandon v. Anesthesia & Pain Mgmt. Assocs.*, 419 F.3d 594, 596 (7th Cir. 2005).

Illinois law, however, statutorily provides for supplementary proceedings for judgment creditors, in which fraudulent conveyance claims may be raised. *See* 735 ILCS § 5/2-1402; *Kennedy v. Four Boys Labor Serv., Inc.*, 279 Ill. App. 3d 361, 368-69 (1996) (stating that a party may raise a fraudulent transfer claim in a supplementary proceeding).

Other states also statutorily provide for post-judgment proceedings where judgment-creditors may challenge alleged fraudulent conveyances. *See, e.g.*, FLA. STAT. § 56.29; N.Y. C.P.L.R. § 5225(b) (providing for a special proceeding under New York law); *PNC Bank v. Broadbent*, 2011 WL 3902794, at *1 (S.D. Ind. Aug. 2, 2011) (raising a fraudulent transfer claim via a supplementary proceeding under Indiana Trial Rule 69); *ABM Fin. Servs., Inc. v. Express Consolidation, Inc.*, 2011 WL 915669, at *1 (S.D. Fla. March 16, 2011) (stating that Florida's supplementary proceedings "are designed to avoid the necessity of a judgment creditor having to initiate an entirely separate action in order to reach assets of a judgment debtor").

---

[5] Yet, contempt, attachment, and equitable relief are remedies, not causes of action as are fraudulent transfer complaints.

5

In contrast, Glenda Gaspar argues that this fraudulent transfer action violates Rule 69, may deprive her of her state constitutional right to a jury trial,[6] and is an impermissible attempt to enforce the consent judgment against her. *See* Doc. 72 at 2-5. As previously determined by this Court, however, Plaintiffs are not seeking to hold her personally liable for the underlying consent judgment. *See also* O.C.G.A. § 18-2-77 (discussing remedies available in fraudulent transfer actions).

Strict compliance with state procedures in aid of execution of monetary judgments is not required. "[T]he draftsmen of Rule 69 [did not mean] to put the judge into a procedural straitjacket." *See Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993). "Substantial compliance with the procedural provisions of the state statutes is sufficient." 12 WRIGHT, ET AL., FED. PRAC. & PROC. CIV. § 3012; *cf. Hankins v. Finnel*, 964 F.2d 853, 860 (8th Cir. 1992) ("Where state law fails to supply the necessary procedure . . . the district court may take the necessary steps to ensure compliance with its judgment."); *Merrell v. Miller*, 1998 WL 329264, at *3 (E.D. Va. June 8, 1998) ("[F]ederal courts generally hold that while the limitations of the state remedies are controlling, the details and distinctions of state procedures need not be necessarily followed.").

Accordingly, in the context of post-judgment fraudulent transfer claims, several courts have concluded that a district court does not have to strictly follow state procedure. *See Mitchell v. Lyons Prof'l Servs., Inc.*, 727 F. Supp. 2d 120, 123-25 (E.D.N.Y. 2010) (concluding that although New York law provided for a separate, "special proceeding," the court would allow the fraudulent transfer claims to be raised by motion in the underlying action); *see also Thomas, Head & Greisen Emps. Trust v. Buster*, 95 F.3d 1449, 1452 (9th Cir. 1996) (concluding that although Alaskan law did not "expressly authorize postjudgment fraudulent conveyance actions," Alaskan case law indicated that fraudulent conveyance claims could be raised in a supplementary proceeding); *Jones v. N.W. Telemarketing, Inc.*, 136 F. Supp. 2d 1166, 1167-69 (D. Or. 2001).

Georgia law allows a party to join claims for money and to set aside a fraudulent conveyance in the same action. *See* STUART FINESTONE, GA. POST-JUDGMENT COLLECTION § 12-5 (4th ed. 2011) (citing O.C.G.A. § 9-11-18(b) and stating that "[i]t is not necessary to first obtain judgment against the debtor before proceeding to set aside a fraudulent conveyance. Georgia law permits the joinder of these two claims . . . ."). Yet, Plaintiffs here have already obtained the money judgment.

---

[6] An alleged transferee of a fraudulent conveyance, such as Glenda Gaspar, does have a right to a jury trial under the Georgia constitution. *See Gillespie v. Sand-Rock Transit, Inc.*, 292 Ga. App. 661, 661 (2008). Whether Gaspar has a right to a jury under the Seventh Amendment likely depends on the remedy sought by Plaintiffs. *See In re Smith*, 2008 WL 4527772, at *1-2 (Bankr. M.D. Ga. 2008); *see also Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 36 (1989) (concluding that Seventh Amendment right existed in suit to recover fraudulent conveyance of money); *United States v. Porath*, 764 F. Supp. 2d 883, 891 (E.D. Mich. 2011) (collecting cases). Because the Court orders a new case opened, Glenda Gaspar's jury trial argument is premature at this point in the proceedings. *See infra.*

Plaintiffs point to no Georgia statutory or case law expressly providing for a *post-judgment* fraudulent transfer complaint in the *same* action. After an exhaustive search, the Court has likewise found none. Georgia law does not statutorily provide for supplementary proceedings in which motions and complaints challenging fraudulent conveyances may be raised. The proper procedure appears to be the filing of a new complaint seeking the avoidance of the fraudulent conveyance along with other remedies.

It would, however, be inefficient to order Plaintiffs to re-file their fraudulent transfer complaint. Accordingly, the Court *DIRECTS* the Clerk's Office to open a new case for the adjudication of Plaintiffs' complaint.[7] *Cf. Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (noting that the district court has the "inherent power to manage its docket"). This Court still has subject matter jurisdiction over the complaint. *See Epperson v. Entm't Express, Inc.*, 242 F.3d 100, 103, 107 (2d Cir. 2001) (concluding that district court had ancillary enforcement jurisdiction over a second, new action alleging fraudulent conveyance claims).

### IV. CONCLUSION

Glenda Gaspar's motion to dismiss is *DENIED*. *See* Doc. 64.

The Clerk is *DIRECTED* to *OPEN* a new case containing Documents 59 through 72 and this Order. Plaintiffs are *ORDERED* to pay the requisite filing fee.

This 13th day of August 2012.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[7] Plaintiffs may amend the heading of their complaint.